UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHERRA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-2916-JDT-cgc |
| ) | |
| SERGEANT ANDREWS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DISMISSING CASE,
DENYING MOTION TO APPOINT COUNSEL AS MOOT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 17, 2020, Plaintiff Sherra Wright, who is presently incarcerated at the Debra K. Johnson Rehabilitation Center in Nashville, Tennessee, filed a *pro se* complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), and a motion for appointment of counsel (ECF No. 3). The Court issued an order on December 21, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The complaint concerns events that occurred at Shelby County Jail East in Memphis, Tennessee. The Clerk shall record the Defendants as the Shelby County Sheriff's Office, Sergeant (Sgt.) First Name Unknown (FNU) Andrews, Sgt. FNU Halliburton, Correctional Officer (CO) FNU Beard and CO FNU Wilkins. (ECF No. 1 at PageID 1-3.) Defendants

Andrews, Halliburton, Beard, and Wilkins are sued only in their official capacities. (*Id.* at PageID 2-3.)

Wright's complaint arises from Defendants' alleged "verbal attacks" upon and harassment of her, retaliation against her for filing grievances, their "derogatory statements" and ridicule towards her, and their confiscation of her "confidential documents." (ECF No. 1 at PageID 12-15.) She asserts these alleged events took place "between December 2017 and December 2018." (*Id.* at PageID 5.) Wright seeks $2 million in compensatory damages, $10 million in punitive damages, attorney fees, and costs. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations

"are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Wright filed her complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

*Statute of Limitations*:  Wright alleges the events giving rise to her claims occurred "between December 2017 and December 2018." (ECF No. 1 at PageID 5.)  All claims in her complaint must be dismissed as untimely because they are time-barred.

"The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (internal citations and quotations omitted).  In Tennessee, the applicable statute of limitations runs for one year. Tenn. Code Ann. § 28-3-104(a)(1)(B).  "Although the applicable time period is borrowed from state law, the date on which the statute of limitations begins to run . . . is a question of federal law." *Howell*, 655 F. App'x at 351.  "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*.

The latest date mentioned in Wright's complaint is December 2018. (ECF No. 1 at PageID 5.)  Reasonable construction of the complaint suggests her contemporaneous knowledge of these events.  (*Id*. at PageID 12-15 (Wright was present during all alleged events).)  Under normal circumstances, she would have had one year from December 2018 to raise her § 1983 claims.  *See Howell*, 655 F. App'x at 351.  However, under the PLRA, prisoners are required to exhaust their available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *see also Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012).  The statute of limitations is tolled for the period during which a prisoner exhausts those remedies.

4

*Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Surles*, 678 F.3d at 458; *Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004).

Wright has attached numerous grievance documents to her complaint. (ECF No. 1-2 at PageID 19-43.) The latest date on any of those documents is May 6, 2019. (*Id.* at PageID 43.) Wright signed her complaint on December 2, 2020 (ECF No. 1 at PageID 11), and it was mailed on December 11, 2020. It thus appears on the face of the complaint that, even though the limitations period was tolled during the grievance process, Wright's complaint is untimely.

*Claims Against Shelby County and Official Capacity Claims*: Even if Wright's complaint were timely, she fails to state a valid claim for relief. Her claims against the SCSO are treated as claims against Shelby County. Her official capacity claims against Andrews, Halliburton, Beard, and Wilkins also are treated as claims against their employer, Shelby County. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Shelby County may be held liable *only* if Wright's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited

to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Wright does not allege that she has been deprived of a right because of a Shelby County policy or custom.  She therefore does not state any claim against Shelby County or against Defendants Andrews, Halliburton, Beard, and Wilkins.

*Opportunity to Amend*:  The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court finds that leave to amend is not warranted.

*Conclusion*:  Wright's complaint fails to state a claim on which relief may be granted.  This case is therefore DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1).  Leave to amend is DENIED.  Wright's motion to appoint counsel is DENIED as moot.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Wright, the Court recommends this dismissal be assessed as Wright's first strike under 28 U.S.C. § 1915(g),

to take effect when judgment is entered.  *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015); *Simons v. Washington*, 996 F.3d 350, 352-54 (6th Cir. 2021).

  The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

               s/ **James D. Todd**
              JAMES D. TODD
              UNITED STATES DISTRICT JUDGE